# Smolevitz v. Slonimsky, Appellant.

*Contract—Written agreement—Construction by action of parties —Pleadings—Practice, Municipal Court of Philadelphia.*

In a case tried in the Municipal Court of Philadelphia, without a jury, it appeared that plaintiffs and defendants had agreed in writing to exchange real estate. The property which the plaintiffs were to acquire was to be subject to a mortgage of a building and loan association. The agreement provided that "all back stock paid in on account of this building association mortgage be assigned free of costs" to the plaintiffs. The plaintiffs claimed that the installments on the stock were to be paid in full to the time of settlement, and produced evidence that defendants at the time of settlement had represented that the arrears were $26.25, and paid the plaintiffs that amount. The arrears were found to be $72.72. Suit was brought to recover the difference. *Held,* that a judgment for the plaintiffs should be sustained.

In the above case, plaintiffs averred in a paragraph of their statement that "defendants recognizing their liability to pay said arrears, gave to the plaintiff at the time of settlement the sum of $26.25 with which to pay said arrears." To this paragraph defendants answered: "While plaintiffs were given $26.25, it is denied that it was given for the purpose stated." Another, and a final paragraph of the answer averred that the sum of $26.25 was made in full payment and settlement of all claims of the plaintiffs. *Held,* that the final paragraph did not contain new matter to which a reply was required to be made under the statute.

Argued Nov. 17, 1916. Appeal, No. 249, Oct. T., 1916, by defendants, from judgment of Municipal Court of Philadelphia Co., Jan. T., 1916, No. 492, for plaintiffs on case tried by the court without a jury in suit of Louis Smolevitz and Rebecca Smolevitz, his wife, v. Solomon Slonimsky and Nathan N. Slonimsky, trading as Slonimsky & Son. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover money alleged to be due under a contract for the exchange of real estate. Before KNOWLES, J., without a jury.

Assignment of Error—Opinion of the Court. [67 Pa. Superior Ct.

The court entered judgment for plaintiffs for $49.35. Defendant appealed.

*Error assigned* was in entering judgment for plaintiffs.

*Abraham Wernick*, with him *Hyman Shane*, for appellant.

*Harry Shapiro*, for appellees.

OPINION BY PORTER, J., July 13, 1917:

The parties to this litigation had entered into a contract for the exchange of properties in the City of Philadelphia, and the contract had been executed by conveyances of their respective properties. The contract provided, inter alia, that the property which the plaintiffs were to acquire was to be subject to a mortgage for $1,300 held by a building and loan association. Stock in the building and loan association had been assigned to the association as a security for the debt, collateral to the mortgage. The only covenant in the contract with regard to this stock was in the following words: "All back stock paid in on account of this building association mortgage to be assigned free of costs to the party of the second part"; these plaintiffs. The contract says nothing about the number of shares of stock, the amount paid in on them, nor the date to which the installments were to be paid. The plaintiffs averred in their statement that it was agreed between the parties that the installments on the building and loan association stock should be paid in full up to the time of settlement called for by the agreement; and they produced evidence at the trial which fully warranted the finding of the learned judge of the court below that such had been the agreement of the parties. The statement further averred, and the evidence warranted the finding of the court below, that the defendants at the time of settlement rep-

resented to the plaintiffs that they had not paid all the dues and installments on the building and loan association stock and that the amount so in arrears was $26.25, and had paid to the plaintiffs said amount, with which to pay up said arrears. The statement averred, the evidence established and the court found that the amount of the arrears in payments upon the building and loan association's stock exceeded the amount which the defendants had 'represented it to be; that the plaintiffs had been compelled to pay such excess and for the amount of that excess the court entered judgment. The defendants appeal from that judgment.

The only covenant of the written contract relating to the assignment of the stock of the building and loan association was obscure and indefinite, as we have above indicated. The allegation of the plaintiffs that it was agreed, at the time, that the installments upon the stock should be paid up to the time of the settlement did not, therefore, involve any contradiction or variation of the written agreement. It merely supplied that which the written agreement failed to either directly or indirectly indicate. The evidence, which the court below believed to be true, was sufficient to warrant a finding that the parties themselves had, at the time of the settlement, construed the contract to mean that the installments upon the stock should be paid up to the date of settlement, and that they acted upon that construction. The contention of the appellants that the court below erred in admitting the evidence of the construction which the parties themselves had put upon the contract is not well founded.

The second ground of complaint by the plaintiffs arises out of the condition of the pleadings. The plaintiffs filed a statement divided into paragraphs consecutively numbered, only one averment of fact so far as possible being included in one paragraph, as required by the Act of July 12, 1913, Sec. 12, P. L. 711, regulating procedure in the Municipal Court of Philadelphia. The tenth

paragraph of the statement was as follows: "Plaintiff avers that defendants, recognizing their liability to pay said arrears, gave to the plaintiff at the time of settlement the sum of $26.25 with which to pay said arrears." The statute required that the answer of the defendants to this paragraph should "contain an admission or denial of each fact averred; Provided, that if defendant alleges himself to be ignorant as to the facts averred in any paragraph, he may so state, and place the plaintiff upon proof of the same as if they had been denied." The answer of the defendants to the paragraph above quoted was as follows: "X. While plaintiffs were given $26.25, it is denied that it was given for the purpose stated." This was not a denial of "each fact" averred in the tenth paragraph of plaintiffs' statement. It did not deny that the defendants recognized their liability to pay the arrears, it expressly admitted that they had paid the $26.25 at the time of settlement. All that it denied was that the $26.25 was given for the purpose of paying the arrears. It entirely failed to state the purpose for which the $26.25 was given. If that had been all that the answer contained in reference to this particular matter it may well be doubted whether this was a sufficient answer to that particular paragraph of plaintiffs' statement. That was not all, however, which the answer set forth with regard to the payment of this particular amount. The answer, after referring to the remaining paragraphs of the plaintiffs' statement, added a fifteenth paragraph which averred that, at the time of the settlement, there was a dispute as to the question of the payment of the arrears upon the stock and that dispute was finally compromised, settled and adjusted upon the condition that defendants pay plaintiffs the sum of $26.25 in full payment, settlement and satisfaction of any and all payments alleged to be due by defendants, and that plaintiffs at that time absolutely and fully released defendants from any and all liability by reason of such claim. The contention of the appellants is that this paragraph

was "new matter" within the meaning of the statute referred to and, the plaintiffs not having replied to it within five days, the facts averred must, under the statute, be deemed to be admitted. The plaintiffs had in the tenth paragraph of their statement distinctly averred the circumstances under which and the purpose for which the $26.25 had been paid at the time of the settlement. The defendants, in answer to this paragraph, instead of filing the insufficient reply which they did, ought to have set forth all the facts contained in paragraph fifteen of their answer, which they now contend set up new matter. It was not new matter, within the meaning of the statute, for the reason that the plaintiffs had in their statement specifically referred to this payment and fully stated their contention as to the conditions upon which it was made. Had they replied to it, all that they could have done would have been to reiterate the averments of the tenth paragraph of their statement. The pleadings clearly disclose every fact in issue between the parties. The only questions involved were questions of fact and we find nothing in the record of which the appellants have cause for complaint.

The judgment is affirmed.